Plaintiff seeks interlocutory review of an order issued by Trial Judge Robert J. Yock on July 27,1982, which granted defendant’s motion to compel responses to defendant’s second set of interrogatories and set the date of August 26, 1982, for compliance. The interrogatories plaintiff objects to answering require plaintiff to state in detail the substance of the proposed testimony of its various witnesses who will be called at trial. The suit is a claim for damages for destruction by fire in the apartment of an Army sergeant *937 who occupied the premises under a lease to which defendant was a party.
Plaintiff represents that to compel its answers as directed would be overly burdensome, an unnecessary expense, premature, and impermissible because the answers sought pertain to the work product of counsel. We have examined these contentions against the background of the dispute and find them without merit. It is a standard procedure in this court for such information to be produced as a routine part of effective pretrial procedures, when the information sought is relevant and not privileged. Rule 71(b). Rule 111(g) explicitly calls for this information when ordered by the trial judge. The trial judge did order it in his standard pretrial order issued on January 8,1982.
The trial judge has not certified his order as worthy of review under the standards of Rule 53(c)(2)(i). Rule 53 expresses the policy of the court not to interrupt trial proceedings by piecemeal appeals on procedural questions absent a showing of extraordinary circumstances which would irreparably injure the complaining party or occasion a manifest waste of the resources of the court or of the parties. Rule 53(c)(2)(ii). Plaintiff has not made that showing here.
it is therefore ordered that plaintiffs request for review is denied, without oral argument. Plaintiff is ordered to comply with the order of the trial judge within the time heretofore scheduled by him or as may be amended by him.